

1  CATES PETERSON LLP
   MARK D. PETERSON (Bar No. CA 126174)
2  E-Mail:  markpeterson@catespeterson.com
   4100 Newport Place, Suite 230
3  Newport Beach, California 92660
   Phone: (949) 724-1180
4  Facsimile: (949) 724-1190

5  *Attorneys for Defendant*
   Robert Titzer, Ph.D.

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 DAVID L. WHITE and LISA WALCO       No. **CV10·09989** DSF (FFMx
   on Behalf of Themselves and All Other
12 Persons Similarly Situated,          NOTICE OF REMOVAL OF CIVIL
                                        ACTION TO UNITED STATES
13              Plaintiffs,             DISTRICT COURT UNDER 28 U.S.C.
                                        §§ 1441 AND 1446
14         vs.
                                        [Filed concurrently with:
15 YOUR BABY CAN, LLC, ROBERT           (1) Certification as to Interested Parties;
   TITZER, Ph.D., and DOES 1-100,       (2) Civil Case Cover Sheet;
16                                       (3) Notice to Adverse Parties]
                Defendant.
17

18

19         Defendant Robert Titzer, Ph.D. ("Titzer") hereby gives notice that he is

20 removing the captioned case, originally filed in the Superior Court of the State of

21 California for Los Angeles County, Case No. BC449863, to the United States

22 District Court for the Central District of California.  Titzer removes the case

23 pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the grounds set forth below.

24         1.     On November 18, 2010, plaintiffs David L. White ("White") and Lisa

25 Walco ("Walco") (collectively, "Plaintiffs"), acting individually and on behalf of a

26 putative class of supposedly similarly situated persons they seek to represent, filed

27 this action in Los Angeles County Superior Court.

28         2.     On or about November 29, 2010, Defendant Your Baby Can, LLC

1   ("YBC") was served with a copy of the summons and complaint.  At that time,

2   Titzer was made aware of the Complaint.  On December 5, 2010, Titzer was served

3   with a copy of the summons and complaint.  Removal of this action is therefore

4   timely, in that Titzer has filed the notice of removal within 30 days of service of the

5   summons and complaint.  *See* 28 U.S.C. § 1446(b).  The undersigned counsel of

6   record certifies that YBC consents to the removal of this action.

7          3.     According to the docket for the Los Angeles County Superior Court

8   for this action, the complaint, civil case cover sheet, notice of case management

9   conference, Order to Show Cause for Failure to File Proof of Service, Notice of

10  Order Deeming Case Non-Complex, Objection to Non-Complex Designation, and

11  answers of defendant Your Baby Can LLC and Robert Titzer, Ph.D. constitute all

12  process, pleadings, papers and orders filed in Los Angeles County Superior Court

13  in this action within the meaning of 28 U.S.C. § 1446(a).  Copies of those

14  documents received by Titzer are attached hereto as <u>Exhibit A</u>.

15         4.     The removal of this action terminates all proceedings in Los Angeles

16  County Superior Court.  *See* 28 U.S.C. § 1446(d).

17         5.     Titzer removes this action pursuant to the Class Action Fairness Act of

18  2005 ("CAFA"), 28 U.S.C. 1332(d), and 28 U.S.C. § 1453, on the grounds that

19  (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B);

20  (b) Plaintiffs seek to represent a putative class of consumers throughout the Untied

21  States, including residents of states other than the State of California, which

22  Plaintiffs allege consists of hundreds of thousands of persons, and (c) the alleged

23  amount in controversy exceeds $5,000,000, exclusive of interest and attorneys'

24  fees.

25                           **Proposed Class Action**

26         6.     Plaintiffs allege that this case is brought as a class action.  Plaintiffs

27  seek to certify a class that consists of all persons who purchased the Your Baby Can

28  Read! Early Language Development System ("YBCR") within the four-year period

NOTICE OF REMOVAL OF CIVIL ACTION

1    prior to the filing of the Complaint.  Complaint, ¶ 58 (Ex. A).  Plaintiffs allege that

2    nearly one million consumers have purchased YBCR, and "hundreds of thousands

3    of persons are members of the [proposed] Class."  Complaint, ¶¶ 6, 34, 60.

4    Plaintiffs seek an award of injunctive relief in favor of Plaintiffs and the other

5    "Class" members, as well as the return of all amounts paid by these persons for

6    YBCR.  Complaint, ¶¶ 72, 77, 82, 86, A-H.  Therefore, this action is a proposed

7    "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed

8    under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or

9    rule of judicial procedure authorizing an action to be brought by 1 or more

10   representative persons as a class action."  In accordance with 28 U.S.C. §

11   1332(d)(5)(B), the number of members of the proposed plaintiff class in the

12   aggregate is more than 100, based on the allegations in the Complaint.

13                                    **Minimal Diversity**

14       7.      Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert

15   jurisdiction over a class action in which "any member of a class of plaintiffs is a

16   citizen of a State different from any defendant."  Such minimal diversity exists

17   among the parties in this case.  Plaintiffs allege that Defendants' marketed YBCR

18   through "infomercials that have aired thousands of times on television and radio

19   stations throughout the United States," as well as through the Internet and print

20   media.  Complaint, ¶ 30-31.  Furthermore, Plaintiffs allege that Defendants

21   distributed advertising materials for YBCR containing purported false and

22   misleading statements to "parents across the country."  Complaint, ¶ 35.  Plaintiffs

23   seek to represent a class that consists of "all persons who purchased Your Baby Can

24   Read! products within the four-year period prior to the filing of the Complaint" (*id.*,

25   ¶ 58), which necessarily includes persons throughout the United States in light of

26   Plaintiffs' allegation regarding Defendants' nationwide marketing of YBCR.

27   Because at least one member of the proposed "Class" is a citizen of a State different

28   from Defendants, there is sufficient diversity among the parties to satisfy the

3

NOTICE OF REMOVAL OF CIVIL ACTION

1   requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

2   **Amount in Controversy**

3   8.   This is an "action in which the matter in controversy exceeds the sum

4   or value of $5,000,000." 28 U.S.C. § 1332(d)(2). "In any class action, the claims

5   of the individual class members shall be aggregated to determine whether the

6   matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest

7   and costs." 28 U.S.C. § 1332(d)(6).

8   9.   Plaintiffs seek an order compelling Defendant to return all amounts

9   paid to it by consumers of YBCR from November 18, 2006, through the present.

10  Plaintiffs allege that the purchase price for YBCR range from $99.95 to $214.90 per

11  product. Complaint ¶20. Plaintiffs also allege that Defendants have generated $90

12  million in annual revenue in connection with the sale of Your Baby Can Read!

13  products. Complaint ¶6. Based on the allegations in the Complaint, this case easily

14  meets the $5 million amount in controversy threshold for CAFA jurisdiction.

15  Titzer denies the allegations in the Complaint, and denies that Plaintiffs or any

16  putative class will be able to recover any damages or restitution. But Plaintiffs'

17  allegations establish that they seek to recover hundreds of millions of dollars of

18  restitution.

19  10.   Plaintiffs also seek injunctive relief requiring Defendants to cease

20  pursuing unspecified policies, acts and practices, as well as requiring Defendants to

21  undertake an immediate public information campaign to inform members of the

22  general public regarding unspecified practices of Defendants and notifying

23  members of the proposed Class as to the presence of potential restitutionary relief.

24  Complaint, ¶ B, C. The value of the injunctive relief sought must also be

25  considered in determining the amount in controversy. *Cohn v. Petsmart, Inc.,* 281

26  F.3d 837, (9th Cir. 2002) (the court solely looked to the value of the injunctive

27  relief sought to determine the amount in controversy in affirming removal).

28  11.   In sum, the alleged aggregated monetary relief, injunctive relief and

4

1   fees that Plaintiffs seek exceed the $5,000,000 amount in controversy required to

2   establish federal jurisdiction under CAFA.

3   **Removal is Proper**

4   12.   Pursuant to 28 U.S.C. § 1453, a suit over which a district court would

5   have original jurisdiction under CAFA may be removed to federal court from state

6   court, as provided by 28 U.S.C. § 1441(a).  Therefore, Titzer is entitled to remove

7   the instant action to this Court, because the Court could have asserted original

8   jurisdiction over the case.

9   13.   Los Angeles County Superior Court lies within the Central District of

10   California.  Accordingly, removal to this district is proper.  *See* 28 U.S.C.

11   § 1441(a).

12   14.   Written notice of the filing of this Notice of Removal and the removal

13   of the state court action is being delivered to Plaintiffs through their counsel of

14   record.  A copy of this Notice of Removal will be filed promptly with the Clerk of

15   the Los Angeles County Superior Court, as required by 28 U.S.C. § 1446(d).  Titzer

16   attaches as <u>Exhibit B</u> to this Notice a copy of the notice to be filed with the state

17   court (absent its exhibits).

18   15.   Plaintiffs allege that defendant Your Baby Can Read LLC has waived

19   the right to remove this action to federal court.  Titzer lacks information sufficient

20   to form a belief as to the truth of that allegation.  But Titzer has not waived the right

21   to remove this case to federal court.

22

23

24

25

26

27

28

5

1    WHEREFORE, Titzer respectfully gives notice that the above-entitled action

2  is removed from the Los Angeles County Superior Court to the United States

3  District Court for the Central District of California.

4

5  Dated:    December 28, 2010

6

7    By:  *Mark Peterson* by BS

8    Mark D. Peterson
     Cates Peterson LLP
     *Attorneys for Defendant*
     Robert Titzer, Ph.D.

9

10

11    300192804.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

VAHN ALEXANDER (167373)
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA 90067
Telephone: (310) 461-1426
Facsimile: (310) 461-1427
valexander@faruqilaw.com

*Attorneys for Plaintiffs*

[Additional Counsel on Signature Page]

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 18 2010

John A. Clarke, Executive Officer/Clerk
By_____ Deputy
AMBER LAFLEUR-CLAYTON

D-324  Emilie Elias

FAXED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DAVID L. WHITE and LISA WALCO on Behalf of Themselves and All Other Persons Similarly Situated, | CASE NO.  BC449863 |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| YOUR BABY CAN, LLC, ROBERT TITZER, Ph.D., and DOES 1-100, | |
| Defendants. | |

CT1/CASE: BC449863 LER/DEFR:
RECEIPT #: CCH503057081
DATE PAID: 11/18/10  03:27:36 PM
PAYMENT: $945.00
RECEIVED:
   CHECK:       945.00
   CASH:
   CHANGE:
   CARD:                    0310

**CLASS ACTION COMPLAINT**

**EXHIBIT A**
**PAGE 7**

1    Plaintiffs, by their attorneys, allege upon personal knowledge as to their own acts, and as to

2  all other matters upon information and belief based upon, *inter alia*, the investigation made by and

3  through their attorneys.

4                            **SUMMARY OF ACTION**

5    1.    This is a class action brought by David L. White and Lisa Walco ("Plaintiffs")

6  against defendants Your Baby Can, LLC ("YBC"), Dr. Robert C. Titzer, Ph.D ("Dr. Titzer") and

7  Does 1-100 (collectively "Defendants") on behalf of a proposed class (the "Class") of all

8  consumers who purchased any of Defendants' Your Baby Can Read! series of child educational

9  products (the "Your Baby Can Read! System"). Defendants' marketing and promotion of the Your

10  Baby Can Read! System relies on false and misleading claims about the product's efficacy and the

11  findings of the early development research community.

12    2.    Defendants claim that the Your Baby Can Read! System will have a positive and

13  permanent effect on a child's life. Defendants further state that the program can teach infants as

14  young as *three months old* to read by as early as *nine months old*. Defendants attribute this to a

15  child's short window of opportunity to develop language skills at an early age and maintain that a

16  child who misses that window of opportunity to learn how to read may fall behind.

17    3.    Prominent members of the child development community have argued that products

18  such as the Your Baby Can Read! System are marketed and sold to parents who want to do

19  everything they can to give their infant children a head start on life and that unscrupulous

20  marketers prey on this vulnerability. For example, in April 2000, Matthew Melmed, Executive

21  Director of the non-profit National Center for Infants, Toddlers and Families, noted:

22        We do know . . . the types of experiences and relationships a baby has in the first
          few months and years of life are critically important ... But to translate that research
23        into specific products to boost babies' brainpower is really an abomination--a
          commercial abomination.
24

25    4.    Defendants have taken this "commercial abomination" to a new level by making,

26  among others, the following false and misleading representations in their advertising and marketing

27  materials:

28                                    2
                          **CLASS ACTION COMPLAINT**

EXHIBIT A
PAGE 8

- The Your Baby Can Read! System can teach your three-month old child to read by the time the child is only nine months old;
- The Your Baby Can Read! System can enhance your child's learning ability;
- The Your Baby Can Read! System is an appropriate tool for teaching your infants with Down's syndrome or autism to read from a very young age;
- The Your Baby Can Read! System can prevent your child from developing dyslexia and other learning disabilities;
- The earlier your child learns to read the better reader your child will be;
- If your child starts school with an advantage they will keep that advantage all the way through school and vice versa; and
- By learning to read early, your child will have more self-esteem and will be more likely to stay in school.

5.     While Defendants maintain that numerous scientific studies support the use of the Your Baby Can Read! System, no such studies exist. Indeed, child development experts from Tufts, Harvard, New York University, Cornell, University of Pennsylvania, Case Western Reserve, and other esteemed universities have described Dr. Titzer's claims as false and misleading, "an extraordinary manipulation of facts," and that those claims "raises false expectations." The unanimous consensus of these experts is that children using the Your Baby Can Read! System are not reading at all, but memorizing the shapes of letters. These experts note that there is no evidence that learning to memorize images of words can make a child a better reader or that learning to read at an early age can increase a child's chances for success later in life.

6.     Defendants have perpetrated this hoax on nearly one million consumers, preying upon the vulnerabilities of parents desperate to give their children a head start on life. Defendants have generated $90 million in annual revenue and spent nearly $37 million to disseminate their false and misleading claims in a television radio, print and internet campaign featuring Dr. Titzer, YBC's founder and spokesman for the Your Baby Can Read! System.

7.     As detailed herein, Plaintiffs bring this action for restitution and injunctive relief for misrepresentations made by Defendants in the marketing, advertising and sale of the Your Baby

3

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 9

1   Can Read! System under the *California Business & Professional Code* (the "UCL"), the *California*

2   *Consumer Legal Remedies Act* ("CLRA"), breach of contract and unjust enrichment.

**PARTIES**

4       8.     At all relevant times hereto, plaintiff David L. White ("White") was a citizen of the

5   State of California, and a resident of Orange County, California. Plaintiff White purchased the

6   Your Baby Can Read! System from Defendants' telephone customer service line in early 2010.

7       9.     At all relevant times hereto, plaintiff Lisa Walco ("Walco") was a citizen of the

8   State of California, and a resident of Los Angeles County, California. Plaintiff Walco purchased

9   the Your Baby Can Read! System from Defendants' website in or about early 2009.

10       10.     Defendant Your Baby Can, LLC is a California limited liability company with its

11   principal offices located at 1958 Kellogg Avenue, Carlsbad, CA 92008. YBC is a developer and

12   distributor of programs for early reading and other skills development for children.

13       11.     Defendant Robert C. Titzer is an individual residing in Bonsall, California. Dr.

14   Titzer is the founder and spokesperson for the Your Baby Can Read! System.

15       12.     The true names and capacities (whether individual corporate or otherwise) of

16   Defendants Does 1-100 (the "Doe Defendants"), inclusive are unknown to Plaintiffs. Therefore,

17   Plaintiffs sue those Defendants by such fictitious names pursuant to *California Code of Civil*

18   *Procedure* §474. Plaintiffs also allege that each fictitiously named defendant is in some manner

19   responsible for the acts and occurrences alleged herein. Plaintiffs will seek leave of this Court to

20   amend their complaint to state the real names and capacities of said fictitiously named defendants

21   when the same have been ascertained. Plaintiffs are informed and believe, and on that basis allege,

22   that the fictitiously named defendants proximately caused them damages.

23       13.     YBC, Dr. Titzer and Does 1-100 are collectively referred to as "Defendants."

24   Plaintiffs are informed and believe, and thereon alleges, that each of the defendants named herein,

25   including those defendants named as Doe Defendants, acted as the agent, employee, representative

26   partner, joint venturer, or co-conspirator of each of the other defendants named herein in the

27   commission of the acts and omissions to act alleged herein, and acted within the course and scope

28

4

**CLASS ACTION COMPLAINT**

EXHIBIT A

PAGE 10

1  of his, her, or its duty as such agent, employee, representative, partner, joint venturer, or co-

2  conspirator. The acts of each such defendant were authorized and/or ratified by each other

3  defendant, and together constitute a single and continuing course of conduct.

### JURISDICTION AND VENUE

5  14. This Court has subject matter jurisdiction over this class action. This Court has

6  personal jurisdiction over the parties because Defendants reside in California, Defendants have

7  systematically and continually conducted business throughout the State of California and because

8  pursuant to *California Civil Code* §410.40, the parties have contracted to have *any* disputes

9  determined by the California Courts. The Terms and Conditions to which Plaintiffs' claims are

10  subject provide that "the parties irrevocably submit to the jurisdiction of [this] court and waive all

11  objections thereto."

12  15. Venue is proper in this Court because Defendants agreed to be sued in this County

13  and no other. The Terms and Conditions to which Plaintiffs' claims are subject provide that "[a]ny

14  action to enforce or interpret them shall be brought and maintained exclusively in the Superior

15  Court of the State of California in Los Angeles." In addition, Defendants conduct business

16  throughout the State of California, including Los Angeles County, and a substantial portion of the

17  transactions that underlie the claims in this action arose in this County.

18  16. Federal court subject matter jurisdiction over this action does not exist. Diversity of

19  citizenship does not exist. Plaintiffs assert no federal question and/or violations of federal law in

20  this Complaint. Plaintiffs' individual claims do not exceed $75,000. In addition, the Terms and

21  Conditions to which Plaintiffs' claims are subject provide that the parties "waive the right to

22  remove such action to a Federal District Court."

### FACTUAL ALLEGATIONS

24  A.    **The Your Baby Can Read! System**

25  17. The Your Baby Can Read! System is described by Defendants as a multi-sensory

26  technique to teach babies and children to read. The term "multisensory" refers to the practice of

27  teaching through multiple sensory channels. Defendants maintain that the multisensory system

28

5

**CLASS ACTION COMPLAINT**

EXHIBIT A
PAGE 11

1  enhances a child's brain development providing short term and long term benefits to infants by

2  creating additional connections in the brain. The Parents' Guide included with the product notes,

3  "since there is more neuroplasticity (the ability of the brain to change or modify based on the

4  environment) early in life, it is possible that the brain will develop more efficiently for reading, so

5  the child could read as naturally as the child understands spoken language." Moreover, Dr. Titzer

6  has said, "[i]nfants have tens of thousands of new brain connections forming every second, many

7  going from the different sensory areas of the brain. The more elaborate the connections made in

8  their brains, the deeper their learning will be." The Parent's Guide also tells parents that the earlier

9  a child learns to read, the better the child generally reads.

10  　　　18.　　When using the Your Baby Can Read! System, parents are instructed to: 1) have

11  their children watch the same thirty minute video featuring the same sixteen words once or twice

12  per day; 2) repeatedly review the same sixteen words on flash cards with their children; and 3)

13  repeatedly read and point to those same sixteen words from books for a period of one to two

14  months before repeating the process with another series of words.

15  　　　19.　　From 1997-2007, Dr. Titzer began selling $15.00 videos to parents under the Your

16  Baby Can Read! trade name. He also published a series of modestly priced books for sale to

17  parents.

18  　　　20.　　Since 2008, the Your Baby Can Read! System has been sold on Defendants' website

19  and by telephone as a deluxe package consisting of books, DVDs and flashcards for children as

20  well as an instructional DVD and book for parents. This version of the Your Baby Can Read!

21  System currently sells for $199.95 or for $214.90 in four installments. The product also comes

22  with a purported 30-day risk free guarantee. Defendants also sell a version of the My Baby Can

23  Read! System in retail stores without for $99.95.

24  **B.**　　**The Early Years 1997- 2007**

25  　　　21.　　Dr. Titzer claims to have developed the Your Baby Can Read! System working not

26  in a laboratory, but in his own home. His two subjects were his own daughters. Remarkably, Dr.

27

28

6

**CLASS ACTION COMPLAINT**

EXHIBIT A

PAGE 12

1   Titzer maintains that by the time his daughters were four years old they were able to read much

2   better than he was and better than the college level students that he was teaching at the time.

3        22.    Since at least 1997, Dr. Titzer has been marketing various incarnations of the Your

4   Baby Can Read! System, selling books, DVD's and videotapes on the internet and at seminars in

5   community centers, libraries and baby stores.

6        23.    Though Defendants present Dr. Titzer as an "infant learning expert" whose work

7   has been published in scientific journals, including *Psychological Review*, this description is false

8   and misleading.  Dr. Titzer is not a qualified expert in reading development.  He holds a Ph.D. in

9   Human Performance, the study of motor skills.  Likewise, all of the published articles that list Dr.

10   Titzer as a co-author concern motor skills, not reading development.  Indeed, Robert Bjork,

11   Professor at UCLA and the editor of the *Psychological Review* noted in 1998 that Dr. Titzer's

12   article had nothing to do with infant reading and presciently expressed concern about Dr. Titzer's

13   recent entrepreneurial venture, remarking, "[a]nxious and ambitious parents are easy prey for the

14   latest educational fad."

15        24.    In 2003, Dr. Titzer appeared on a Showtime Channel series hosted by the magicians,

16   comedians and charlatan debunkers known professionally as Penn & Teller.  In an unintentionally

17   comedic performance, Dr. Titzer failed to demonstrate the efficacy of the Your Baby Can Read!

18   System on a pair of seemingly non-disabled three-year old twins who had been watching Dr.

19   Titzer's video for the preceding two and a half years.

20        25.    While Dr. Titzer claimed to have sold over 100,000 copies of his $15.00 videos by

21   2003, it appears that at first, business was less than booming.  Between 2000 and 2004, Dr. Titzer

22   worked as a teacher of high school math and middle school social studies.

23        26.    After 2004, Dr. Titzer began making increasingly outrageous claims about the

24   efficacy of his program and false claims about the scientific support for his program and the

25   scientific literature in general.  In one 2007 interview, Dr. Titzer claimed that extensive research

26   supported the success of his program and commented, "[t]here are long term studies that show that

27

28

**CLASS ACTION COMPLAINT**

EXHIBIT *A*

PAGE *13*

1  the earlier a child is taught to read the better, even when controlling for IQ and socioeconomic

2  status."

3      27.    On the basis of his false and misleading claims about the Your Baby Can Read!

4  System, Dr. Titzer became a rising star in the commercial infant learning product industry, where

5  the rules of scientific scrutiny do not apply. From 2005 to 2007, Dr. Titzer describes his

6  employment as a paid keynote speaker for corporations, baby expos and conventions. During this

7  time, Dr. Titzer also worked as a private consultant to parents who wanted to give their children a

8  head start on their education.

9  **C.**    **The Marketing Blitzkrieg 2007 - Present**

10      28.    After ten years of marginal success trying to market the Your Baby Can Read!

11  System on his own, Dr. Titzer proceeded to disseminate his false and misleading claims to a wider

12  marketplace and in the process, raised the cost of his system thirteen fold - from $15.00 to $199.95

13  for the new deluxe version.

14      29.    In August 2007, Dr. Titzer participated in the formation of YBC.

15      30.    In April 2008, Dr. Titzer and YBC launched a ubiquitous media campaign to

16  promote the Your Baby Can Read! System through television and radio infomercials, on the

17  internet, and in print media. Since that time Defendants have spent more than $37 million on

18  advertising in the promotion and marketing of the Your Baby Can Read! System and a related

19  program called "Your Baby Can Learn."

20      31.    Defendants' marketing campaign has consisted in large part of infomercials that

21  have aired thousands of times on television and radio stations throughout the United States. The

22  infomercials direct viewers to Defendants' website (www.yourbabycanread.com) to order the

23  product online and to a customer service telephone number where they can order by phone.

24      32.    According to Infomercial Monitoring Service, Inc., an organization that monitors

25  both the frequency with which infomercials air on cable and satellite services across the country

26  and the gross expenditures for that airtime, the Your Baby Can Read! System infomercials have

27  regularly ranked among the top 25 in the country.

28

8

**CLASS ACTION COMPLAINT**

EXHIBIT A
PAGE 14

33.   In September 2010, YBC was the recipient of the Direct Response Marketing Alliance's, Marketer of the Year Award for its success in marketing the Your Baby Can Read! System. The two runners up for the award were the makers of the Shake Weight® Brazilian Booty Workout and the "New Body Shaper" posture-improving girdle.

34.   The commercial success of Defendants' infomercials has resulted in increased traffic on Defendants' website, increased demand for Dr. Titzer's personal appearances and most importantly, astronomical sales for the Your Baby Can Read! System.  Since its formation YBC claims to have sold nearly one million units of the Your Baby Can Read! System generating annual revenues of $90 million.

35.   The financial success of the product was achieved through the false and misleading statements made in Defendants' advertising materials in perpetuation of the elaborate hoax on parents across the country.

1.   **The Your Baby Can Read! Website**

36.   Visitors to Defendants' website are greeted with a video in which an announcer makes the following remarkable claims about the Your Baby Can Read! System:

> A baby's brain craves stimulation and develops at a phenomenal pace nearly 90% developed during the first five years of life.  Seize this small window of opportunity before it closes.  To enhance your child's learning ability with the Your Baby Can Read! early language development system.  Your Baby Can Read! isn't just another reading program.  It's a remarkable learning system which will have positive and permanent affects in your child's life.  The best and easiest time to learn a language is during the infant and toddler years when the brain is creating thousands of synapses or connections allowing a child to learn both the written and the spoken word at the same time.
>
> ****
>
> Remember, your child has tens of thousands of new brain connections forming every second.  While watching Your Baby Can Read!, those connections now have even more value.  Over time, these billions of powerful connections give your child the tools for increased communication, enhanced learning and overall confidence giving them the edge they'll need for a better education and career success.

9

**CLASS ACTION COMPLAINT**

37.   Those claims are parroted by a host of the video clip who concludes with the following:

This incredible program has truly changed the lives of thousands of parents and their children. It demonstrates the importance of giving your child the tools early in life so they can enjoy life long opportunities for success. Thanks for watching.

38.   Defendants' website also includes text making similar claims and adding the following:

Studies prove that the earlier a child learns to read, the better they perform in school and later in life. Early readers have more self-esteem and are more likely to stay in school.

\*\*\*\*

With the Your Baby Can Read! Deluxe Kit, you'll get a complete set of tools to unlock your child's reading potential.

\*\*\*\*

Contains everything you need to help your child succeed!

2.   **The Your Baby Can Read! Infomercials**

39.   Like Defendants' website, the infomercials make similar outlandish false and misleading claims about the efficacy of the Your Baby Can Read! System:

HOST:               Imagine your five year old reading junior high school level books. Imagine the head start this child would have on life. Finally, imagine all of this happening naturally - with smiles and laughter. And most importantly, with zero stress. Is this too amazing to be true? Are you skeptical? Because what I am about to show you will absolutely astonish you. Your baby can read.

\*\*\*

HOST:               Imagine the head start that your child will have on life and happiness and their education. As a parent sitting there listening to me, I can't imagine that you don't want the best for your child. Your baby can read.

40.   Even more disturbing, the infomercials also include false and misleading statements that the Your Baby Can Read! System can teach infants with Down's syndrome and autism how to read. With respect to these claims the infomercial includes the following exchange:

DR. TITZER:         If a child does not learn language skills, how to read, until later in life, there are long term studies showing that fewer than one in eight ever catch up to reading at grade level again. There are also other

10

**CLASS ACTION COMPLAINT**

EXHIBIT __A__

PAGE __16__

1  studies showing that the earlier a child is taught to read the better the child reads.

2  I can tell you this, teaching them to read early in life opens up the door for all other types of learning.

3  HOST:  Literally can any child learn to read?

4
5  DR. TITZER:  If you start early in life then any child should be able to learn written language, within reason, of course there are always going to be few children here and there with severe learning disabilities.

6
7  We have many examples of children who had learning disabilities or we have children with autism who have used our program. We have children with Down's syndrome who have used our program and some of the most touching letters that I've ever gotten were from parents where for instance, ah an 18 [choking up], an 18-year month old baby with Down's syndrome could read the words.

8
9

10  HOST:  That's amazing.

11  DR. TITZER:  And, um, it just changes the child's life [choking up]. I'm sorry.

12  HOST:  So do you think then that with learning to read at an early age that would actually help prevent learning disabilities from coming up later on?

13
14  DR. TITZER:  Yes.

15  **3.  Dr. Titzer's Public Hucksterism**

16  41.  Dr. Titzer has made similar false and misleading claims about the state of

17  developmental research and the efficacy of his product in public appearances and interviews in

18  order to promote the Your Baby Can Read! System.

19  42.  For example, in one interview Dr. Titzer has claimed that his program can prevent

20  learning disabilities like dyslexia:

21  For dyslexia, the most common reading disorder, a lot of the children do not look at words from left to right. [The YBCR DVDs] can help prevent that problem, because they're being taught, as babies, to look at words from left to right.

22

23  43.  In a November 2010 appearance on NBC's Today Show with interviewer Jeff

24  Rosen, Dr. Titzer claimed that numerous scientific studies support the use of the Your Baby Can

25  Read! System, but failed to produce a single such study. A transcript of that show reads as follows:

26  DR. TITZER:  We have a book full of studies that support the use of our program. It's literally thicker than this.

27

28
11

**CLASS ACTION COMPLAINT**

EXHIBIT A
PAGE 17

| | | |
|---|---|---|
| 1 | JEFF ROSEN: | Can you provide us that research? |
| 2 | DR. TITZER: | Yes. Yes, I can. |
| 3 | JEFF ROSEN: | But instead of published research on Your Baby Can Read!, he sent us this customer satisfaction survey conducted by his own company, along with general studies about child learning that experts we spoke to say he's twisting and taking out of context. |
| 4 | | |

**D.    The Outrage of the Developmental Learning Community**

44.    Defendants' outrageous claims about the Your Baby Can Read! System have earned the scorn of education professionals in the developmental learning community.

45.    On the Penn & Teller exposé, Dr. Robert Needlman, M.D., who was an Associate Professor of Pediatrics, Case Western Reserve University, School of Medicine explained that Dr. Titzer's claims stem from a basic misunderstanding of a child's first three years:

There's a lot of hype that says that children have to be exposed to all sorts of things or else they'll be crippled for life and that's simply not true. It's based on a misunderstanding of the scientific data. It does not mean that more and more structured and more school-like learning early on is helpful for children and it simply isn't.

I am a huge believer in reading aloud to young children from a very early age, not to teach them to read early. The child who reads at age three or four is not necessarily going to do better in life than a child who reads at age five or six.

[Parents] shouldn't kid themselves into thinking that this experience is somehow wonderfully stimulating for their baby. It isn't.

46.    Moreover, the Today Show exposé questioned ten child development experts from the country's top universities and organizations about Defendants' claims and the message was universal: *These children are not reading, they are merely memorizing the shapes of the words.*

47.    Nonie Lesaux, Ph.D., Associate Professor of Human Development and Urban Education Advancement at the Harvard University Graduate School of Education, said it's not reading, "[t]hey've memorized what's on those cue cards and they're going to respond to what they've been taught."

48.    Dr. Karen Hopkins, M.D., Clinical Associate Professor of Pediatrics at New York University School of Medicine, said that there is no evidence at all that memorizing the shapes of

12

**CLASS ACTION COMPLAINT**

**EXHIBIT** A
**PAGE** 18

1     letters at a young age can make a child a better reader. With respect to Defendants' claims, she

2     said "I think it's misleading, I think it's false, and I think it raises false expectations."

3        49.     Maryanne Wolf, Ph.D., Professor of Child Development and Director of the Center

4     for Reading and Language Research at Tufts University, commented, "I know of not one single

5     study in which anyone says that children who learn to read before five do better later on. I am a

6     reading expert. I know of not one single study." She also noted that the reality is that whoever is

7     behind this doesn't know either the brain or reading." She characterized Defendants' claims as an

8     "extraordinary manipulation of facts."

9        50.     These experts say Defendants' extreme claims just target parents who would do

10    anything to make their kids smarter and that Defendants are preying on parents' vulnerability and

11    insecurity, just to make money.

12        51.     In another interview, Matthew Melmed, Executive Director of the Zero to Three

13    Foundation, National Center for Infants, Toddlers and Families said:

> The lack of rigorous scientific review combined with the commercialization of the product leaves me a bit suspect. Perhaps it impresses adults if a very young child can repeat words like an orangutan, but it doesn't promote their long term-brain power.

17        52.     Mr. Melmed's reference to an orangutan is no exaggeration. Indeed, the ability of

18    non-human primates to recognize the shape of words without using the Your Baby Can Read!

19    System is well-documented. For example, Dr. Sally T. Boysen, Professor of Psychology at the

20    Ohio State University Chimpanzee Center has taught Bob the chimpanzee, to recognize about forty

21    different words. A video demonstration of Bob's reading skills is available at

22    http://www.youtube.com/watch?v=266FV--FmGo.

23    E.     **Defendants' Money Back Guarantee Is Illusory**

24        53.     Like many products of dubious origin and quality, the Your Baby Can Read!

25    System is promoted with a money back guarantee. Defendants' website touts a risk-free 30-day

26    guarantee, stating in bold type: "**GUARANTEED RESULTS OR YOUR MONEY BACK.**"

27    This "risk free" guarantee is not what it claims to be for two reasons.

28

13

CLASS ACTION COMPLAINT

54.     First, the fine print of Defendants' website reveals that the guarantee is not risk free because certain charges are not refundable.  The website reads as follows:  "All refunds will be in the amount of the product price only.  Processing and return shipping charges are non-refundable."

55.     Second, the 30-day guarantee is illusory because Defendants claim that it takes well more than thirty days to see any results.  The Your Baby Can Read! Parents' Guide, a booklet included in the product packaging reads, "sometimes, with younger children, you can't tell if they are learning to read away because they don't have the motor control or speaking ability to let your know."

56.     Moreover, in one infomercial, excerpted below, Dr. Titzer admits that a parent should expect no results from the Your Baby Can Read! System until the child has been using it for at least six months:

HOST:                      When will parents start to notice some impact, some results? ...

DR. TITZER:            You just need to be consistent about it for about six months for the younger babies, so if you have a six-month old baby, usually it takes about six months, but some of the babies do take longer.

57.     Therefore, Defendants' guarantee expires during a period of time where no results should be expected.  By the time parents realize that the Your Baby Can Read! System is worthless, they are already five months too late to exercise their 30-day risk-free guarantee.

## CLASS ACTION ALLEGATIONS

58.     Plaintiffs bring this class action on behalf of themselves and all others similarly situated as members of the proposed Class.  The proposed Class, which Plaintiffs seek to represent, is comprised of all individuals who purchased Your Baby Can Read! products within the four year period prior to the filing of this Complaint.  Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, and any of its subsidiaries, affiliates, and officers, directors of the entity Defendants, or employees, and any legal representative, heir, successor, or assignee of Defendants.

EXHIBIT A
PAGE 20

59. This action has been brought and may properly be maintained as a class action pursuant to *California Code of Civil Procedure* §382, and case law thereunder, to which the California trial courts have been directed by the California Supreme Court to look for guidance.

60. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe, and on that basis allege, that hundreds of thousands of persons are members of the Class. The precise number of Class members and their addresses are unknown to Plaintiffs. Class members may be notified of the pendency of this action by published and/or mailed notice.

61. There is a well-defined community of interest in the questions of law and fact affecting the parties represented in this action.

62. Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual Class members.

63. The questions common to members of the Class are, *inter alia*:

(a) whether Defendants advertise, or market the Your Baby Can Read! System in a way that is false or misleading;

(b) whether the Your Baby Can Read! System fails to conform to the claims, which were published, disseminated and advertised to Plaintiffs and the Class;

(c) whether Defendants concealed from Plaintiffs and the Class that the Your Baby Can Read! System did not conform to its stated claims;

(d) whether, by the misconduct set forth in this Complaint, Defendants have engaged in unfair, fraudulent or unlawful business practices with respect to the advertising, marketing and sales of the Your Baby Can Read! System;

(e) whether Defendants violated the Unfair Competition Law;

(f) whether Defendants violated the Consumer Legal Remedies Act;

(g) whether Defendants breached their contracts with Plaintiffs and the Class;

(h) whether Defendants were unjustly enriched by their conduct; and

15

CLASS ACTION COMPLAINT

EXHIBIT A
PAGE 21

(i)     whether as a result of Defendants' misconduct as alleged herein, Plaintiffs and the Class are entitled to injunctive and monetary relief and, if so, the amount and nature of such relief.

64.     Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct. Plaintiffs have no interests antagonistic to the interests of the other members of the Class. Plaintiffs and all members of the Class have sustained economic injury arising out of Defendants' violations of common and statutory law as alleged herein.

65.     Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent; they have retained counsel competent and experienced in complex class action litigation; and they intend to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

66.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this class action. Individualized litigation presents the potential for inconsistent or contradictory judgments. A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I
**[Unfair Business Practices Act]**
*California Business & Professions Code §17200 et seq.*

67.     Plaintiffs, on behalf of themselves and on behalf of all others similarly situated, reallege each and every allegation above as if fully set forth herein, and further allege as follows.

68.     The Unfair Business Practices Act defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business at or practice. *California Business &*

16
**CLASS ACTION COMPLAINT**

EXHIBIT A
PAGE 22

1  *Professions Code* §17200.  Unfair competition also includes "unfair, deceptive, untrue or

2  misleading advertising."  The Act also provides for injunctive relief and restitution for violations.

3        69.    Throughout the Class Period, Defendants committed acts of unfair competition, as

4  defined by §17200, by using unsubstantiated, false and misleading statements to promote the sale

5  of the Your Baby Can Read! System, as described above.

6        70.    Defendants' conduct is unfair in that the harm to Plaintiffs and the Class arising

7  from Defendants' conduct outweighs the utility, if any, of those practices.

8        71.    Plaintiffs and members of the Class have suffered injury and actual out of pocket

9  losses as a result of Defendants' unfair, unlawful, and fraudulent business acts and practices

10  because: (i) Plaintiffs and the Class were induced to purchase an unproven, misrepresented

11  product; and (ii) Plaintiffs and the Class were induced to pay substantially more for this product

12  than they would have paid if its true characteristics had not been concealed or misrepresented.

13        72.    Pursuant to *California Business & Professions Code* §17203, Plaintiffs and the

14  Class are therefore entitled to: (a) an Order requiring Defendants to cease the acts of unfair

15  competition alleged herein; (b) full restitution of all monies paid to Defendants as a result of their

16  deceptive practices, including, but not limited to, disgorgement of all profits of the Your Baby Can

17  Read! Program; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiffs'

18  attorneys' fees and costs pursuant to, *inter alia, California Code of Civil Procedure* §1021.5.

19  **COUNT II**

**[Deceptive Practices]**
20  **Consumer Legal Remedies Act, *California Civil Code* §1750 *et seq.***

21  **(Injunctive Relief Only)**

22        73.    Plaintiffs reallege and incorporate herein by reference each of the foregoing

23  paragraphs.

24        74.    The policies, acts, and practices described in this Complaint were intended to and

25  did result in the sale of Defendants' Your Baby Can Read! System to Plaintiffs and the Class.

26  Defendants' practices, acts, policies, and course of conduct violated the California Consumer Legal

27  Remedies Act, *California Civil Code* §1750 *et seq.*, (the "CLRA"), in that, as described above:

28

17

EXHIBIT A
PAGE 23

1        (a)    Defendants represented that the Your Baby Can Read! System has

2    sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which it does not

3    have in violation of *California Civil Code §1770(a)(5)*;

4        (b)    Defendants represented that Dr. Titzer, as the product's spokesman, has a

5    sponsorship, approval, status, affiliation, or connection which he does not have in violation of

6    *California Civil Code §1770(a)(5)*;

7        (c)    Defendants represented that the Your Baby Can Read! System was of a

8    particular standard or quality, when they were aware that it was of another in violation of

9    §1770(a)(7) of the CLRA; and

10       (d)    Defendants represented that their 30-day risk-free money back guarantee

11   confers or involves rights, remedies, or obligations which it does not have or involve, in violation

12   of §1770(a)(14) of the CLRA.

13       75.    As a proximate result therefore, Plaintiffs and the Class members have suffered

14   harm.

15       76.    Prior to the filing of this Complaint, a CLRA notice letter was served on Defendants

16   which complies in all respects with California Civil Code §1782(a).  Plaintiffs sent Defendants a

17   letter *via* certified mail, return receipt requested, advising Defendants that they are in violation of

18   the CLRA and must correct repair, replace or otherwise rectify the goods alleged to be in violation

19   of §1770.  Defendants were further advised that in the event that the relief requested has not been

20   provided within (30) days, Plaintiffs will amend this Complaint to include a request for monetary

21   damages pursuant to the CLRA.

22       77.    Wherefore, Plaintiffs seek only injunctive relief for this violation of the CLRA at

23   this time.

24           **COUNT III**

25           **[Breach of Contract]**

26       78.    Plaintiffs reallege and incorporate herein by reference each of the foregoing

27   paragraphs.

28

        18

**CLASS ACTION COMPLAINT**

EXHIBIT A
PAGE 24

79.   Plaintiffs and the Class contracted with Defendants for the purchase of the Your Baby Can Read! System.

80.   Defendants breached the contracts by making materially false representations about the Your Baby Can Read! System that were intended to be relied upon by Plaintiffs and the Class.

81.   Plaintiffs and the Class reasonably relied on those misrepresentations.

82.   Plaintiffs and the Class were economically damaged by Defendants' breaches of contract because they received a product that was not as Defendants represented and was of a lower quality than Defendants represented.

## COUNT IV

### [Unjust Enrichment/Common Law Restitution]

83.   Plaintiffs reallege and incorporate herein by reference each of the foregoing paragraphs.

84.   In selling its Your Baby Can Read! System, Defendants have unjustly enriched themselves.

85.   Defendants' retention of revenue from the sale of their Your Baby Can Read! System violates fundamental principles of justice, equity and good conscience.

86.   Accordingly, Plaintiffs and the Class are entitled to restitution of the purchase price and disgorgement of all wrongfully obtained revenue and such other and further relief as the Court may deem just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request on behalf of themselves and other members of the Class, for judgment against Defendants as follows:

A.   An Order certifying the proposed Class herein under *California Code of Civil Procedure* §382, and certifying Plaintiffs as class representatives and their undersigned counsel of record to represent the Class;

19

**CLASS ACTION COMPLAINT**

EXHIBIT A
PAGE 25

1    B.    Awarding injunctive relief in favor of Plaintiffs and the other Class members against

2    Defendants enjoining Defendants from pursuing the policies, acts and practices complained of

3    herein;

4    C.    Awarding injunctive relief requiring Defendants to undertake an immediate public

5    information campaign to inform members of the general public as to their prior practices and

6    notifying the members of the proposed Class as to the presence of potential restitutionary relief;

7    D.    For an award of appropriate damages to Plaintiffs and the members of the Class;

8    E.    For an award of exemplary and/or punitive damages as appropriate to deter and

9    punish Defendants for its unfair and deceptive business practices;

10   F.    For an Order requiring disgorgement of Defendants' ill-gotten gains and to pay

11   restitution to Plaintiffs and all members of the Class all funds acquired by means of any act or

12   practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice, a

13   violation of laws, statutes or regulations, or constituting unfair competition;

14   G.    Awarding Plaintiffs and the Class their reasonable costs and expenses incurred in

15   this action, including counsel fees and expert fees pursuant to *California Code of Civil Procedure*

16   §1021.5, the UCL, common law breach of contract and unjust enrichment; and

17   H.    Awarding such other and further relief as this Court may deem just and proper

18   including any extraordinary equitable relief and/or injunctive relief as permitted by law or equity to

19   attach, impound or otherwise restrict Defendants' assets to assure Plaintiffs and the members of the

20   Class have an effective remedy.

21

22

23

24

25

26

27

28

20

CLASS ACTION COMPLAINT

EXHIBIT  A
PAGE  26

1

## JURY DEMAND

2     Plaintiffs hereby demand a trial by jury.

3   Dated: November 18, 2010                  Respectfully submitted,

4                                             FARUQI & FARUQI, LLP

5                                      By:

6                                             _Vahn Alexander_

7                                             Vahn Alexander

8                                             1901 Avenue of the Stars, 2nd Floor
                                              Los Angeles, CA  90067
9                                             Telephone: (310) 461-1426
                                              Facsimile: (310) 461-1427
10                                            valexander@faruqilaw.com

11                                            -and-

12                                            Beth A. Keller, Esq.
13                                            Christopher Marlborough, Esq.
                                              369 Lexington Avenue, 10th Floor
14                                            New York, NY  10017
                                              Telephone: (212) 983-9330
15                                            Facsimile: (212) 983-9331

16                                            _Attorneys for Plaintiffs_

17

18

19

20

21

22

23

24

25

26

27

28
                                21
                         CLASS ACTION COMPLAINT

EXHIBIT _A_
PAGE _27_

### AFFIDAVIT OF DAVID WHITE

1.      I, David White, submit this affidavit pursuant to *California Civil Code* §1780(d) of the *Consumers Legal Remedies Act* and declare the following.

2.      I am the named plaintiff in the Complaint filed herewith and I am a resident of Orange County, California.

3.      I purchased the "Your Baby Can Read!" product which is the subject of this Complaint, in Orange County, California.

4.      The defendants Your Baby Can, LLC and Robert C. Titzer PhD conduct business in Los Angeles County, California where this action has been commenced.

5.      Moreover, the Terms and Conditions of this product provide that any action shall be brought and maintained "exclusively in the Superior Court of the State of California in Los Angeles."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 17 day of November, 2010, at _____ Irvine _____, California.

David White

EXHIBIT A
PAGE 28

## AFFIDAVIT OF LISA WALCO

1. I, Lisa Walco, submit this affidavit pursuant to *California Civil Code* §1780(d) of the *Consumers Legal Remedies Act* and declare the following.

2. I am the named plaintiff in the Complaint filed herewith and I am a resident of Los Angeles County, California.

3. I purchased the "Your Baby Can Read!" product which is the subject of this Complaint, in Los Angeles County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 8 day of November, 2010, at Encino, California.

Lisa Walco

CLRA AFFIDAVIT PURSUANT TO CIVIL CODE §1780(d)

EXHIBIT A
PAGE 29

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Vahn Alexander, Esq. (167373)
FARUQI & FARUQI, LLP
1901 Avenue of the Stars, Second Floor, Los Angeles, CA 90067

TELEPHONE NO.: (310) 461-1426    FAX NO.: (310) 461-1427
ATTORNEY FOR *(Name):* Plaintiffs David L. White and Lisa Walco

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 18 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
AMBER LAFLEUR-CLAYTON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as above.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
DAVID L. WHITE, et al. v. YOUR BABY CAN, LLC, et al.,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC449863 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

FAXED

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties    d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 4 - B&P §17200, Civil Code §1750, Breach of Contract, Unjust Enrichment.
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 18, 2010

Vahn Alexander                                    ▶ _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|


American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT A**
**PAGE 30**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box for the case type** that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

**EXHIBIT** A
**PAGE** 31

| SHORT TITLE:<br>DAVID L. WHITE, et al. v. YOUR BABY CAN, LLC, et al. | CASE NUMBER<br>B C 4 4 9 8 6 3 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 15    ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

FAXED

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

11/28/10

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|



EXHIBIT A
PAGE 32

| SHORT TITLE: DAVID L. WHITE, et al. v. YOUR BABY CAN, LLC, et al. | | CASE NUMBER |
|---|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
|  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
|  | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
|  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
|  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
|  | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
|  | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
|  | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
|  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
|  | ☐ A6032  Quiet Title | 2., 6. |
|  | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 2 of 4

EXHIBIT _A_

PAGE _33_

| SHORT TITLE: DAVID L. WHITE, et al. v. YOUR BABY CAN, LLC, et al. | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

EXHIBIT _A_
PAGE _34_

| SHORT TITLE:<br>DAVID L. WHITE, et al. v. YOUR BABY CAN, LLC, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>N/A |  |  |
|---|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 |  |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk_____ courthouse in the Central_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: November 18, 2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

EXHIBIT A
PAGE 35

1    VAHN ALEXANDER (167373)
     **FARUQI & FARUQI, LLP**
2    1901 Avenue of the Stars, 2nd Floor
     Los Angeles, CA 90067
3    Telephone: (310) 461-1426
     Facsimile: (310) 461-1427
4    valexander@faruqilaw.com

5

6    *Attorneys for Plaintiffs*

7    [Additional Counsel on Signature Page]

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES**

10

11 | DAVID L. WHITE and LISA WALCO on Behalf of Themselves and All Other Persons Similarly Situated, | CASE NO.: BC449863 |

12

13            Plaintiffs,

14        v.

15    YOUR BABY CAN, LLC, ROBERT TITZER,
     Ph.D., and DOES 1-100,
16

17            Defendants.

18

19

20

**PLAINTIFFS' NOTICE OF: (1) ORDER DEEMING CASE NON-COMPLEX; (2) NOTICE OF CASE MANAGEMENT CONFERENCE; AND (3) ORDER TO SHOW CAUSE HEARING**

Judge: Hon. Michael L. Stern
Dept.: 62

Date Action Filed: November 18, 2010

21

22

23

24

25

26

27

28

---

               **NOTICE OF ORDERS – CASE NO. BC449863**

**EXHIBIT A**
**PAGE 36**

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2      **PLEASE TAKE NOTICE** that the Court has entered the following: (1) ORDER

3  DEEMING CASE NON-COMPLEX; (2) NOTICE OF CASE MANAGEMENT CONFERENCE;

4  AND (3) ORDER TO SHOW CAUSE HEARING.  A copy of each document is attached hereto as

5  *Exhibit A, Exhibit B,* and *Exhibit C,* respectively.

6

7  Dated:  December 10, 2010                     Respectfully submitted,

8                                                FARUQI & FARUQI, LLP

9                                       By:   /Alexander

10                                              Vahn Alexander

11

12                                              1901 Avenue of the Stars, 2nd Floor
                                                Los Angeles, CA  90067
13                                              Telephone: (310) 461-1426
                                                Facsimile: (310) 461-1427
14                                              valexander@faruqilaw.com

15                                              -and-

16                                              Beth A. Keller, Esq.
                                                Christopher Marlborough, Esq.
17                                              369 Lexington Avenue, 10th Floor
                                                New York, NY  10017
18                                              Telephone: (212) 983-9330
                                                Facsimile: (212) 983-9331
19

20                                              *Attorneys for Plaintiffs*

21

22

23

24

25

26

27

28

                                                2
                              NOTICE OF ORDERS – CASE NO. BC449863



EXHIBIT A
PAGE 37

## PROOF OF SERVICE

1

2  STATE OF CALIFORNIA )
   ) ss.:
3  COUNTY OF LOS ANGELES )

4     I am employed in the county of Los Angeles, State of California. I am over the age of 18
   and not a party to the within action. My business address is 1901 Avenue of the Stars, Second
5  Floor, Los Angeles, CA 90067.

6     On December 10, 2010, I caused the following document(s) to be served which are
7  described as:

8     **PLAINTIFFS' NOTICE OF: (1) ORDER DEEMING CASE NON-COMPLEX;**
      **(2) NOTICE OF CASE MANAGEMENT CONFERENCE; AND**
9                **(3) ORDER TO SHOW CAUSE HEARING**

10 by delivering true copies addressed as follows:

11                       **SEE ATTACHED SERVICE LIST**
12

13 ☐  BY FACSIMILE TRANSMISSION.  I caused a facsimile machine transmission from
      facsimile machine telephone number (310) 461-1427 to the facsimile machine telephone
14    number(s) listed on the attached Service List.  Upon completion of said facsimile machine
      transmission(s), the transmitting machine issued a transmission report(s) showing the
15    transmission(s) was/were complete and without error.

16 ☐  BY ELECTRONIC SERVICE.  I emailed the above document(s) from e-mail address
17    valexander@faruqilaw.com to the respective e-mail addresses listed in the attached service
      list, from Los Angeles, California.

18 ☒  BY U.S. MAIL.  I caused such envelope(s) to be mailed with postage thereon fully prepaid.
19    I am familiar with the firm's practice of collection and processing correspondence for
      mailing. Under that practice it would be deposited with the U.S. postal service on that same
20    day with postage thereon fully prepaid in the ordinary course of business.

21 ☐  BY OVERNIGHT MAIL.  I caused such envelope(s) to be deposited with the Federal
22    Express repository.  I am familiar with the firm's practice of collection and processing via
      Federal Express.  Under that practice the package would be deposited in the Federal
23    Express drop box on that same day with postage thereon fully prepaid in the ordinary
      course of business.
24

25 Executed on December 10, 2010, at Los Angeles, California.

26                              _____
27                              Vahn Alexander

28
                              3
            NOTICE OF ORDERS – CASE NO. BC449863

                              EXHIBIT A
                              PAGE 38



## SERVICE LIST

YOUR BABY CAN, LLC (Defendant)
1958 Kellogg Avenue
Carlsbad, CA 92008

ROBERT TITZER, PH.D. (Defendant)
31731 Nira Lane
Bonsall, CA  92003

4

NOTICE OF ORDERS – CASE NO. BC449863

EXHIBIT __A__
PAGE __39__

*EXHIBIT A*

EXHIBIT A
PAGE 40

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 12/07/10 | | | DEPT. 324 |
|---|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC449863 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | DAVID L WHITE ET AL VS YOUR BABY CAN LLC ET AL | Defendant Counsel | |
| | NON-COMPLEX (12-07-10) | | |

NATURE OF PROCEEDINGS:

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Michael L. Stern in Department 62 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 62 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page    1 of   2    DEPT. 324

MINUTES ENTERED
12/07/10
COUNTY CLERK

EXHIBIT A
PAGE 41

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 12/07/10                                                    DEPT. 324

HONORABLE EMILIE H. ELIAS        JUDGE    A. MORALES        DEPUTY CLERK

HONORABLE                     JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

        NONE              Deputy Sheriff   NONE                  Reporter

| | | |
|---|---|---|
| 8:30 am | BC449863 | Plaintiff Counsel |
| | DAVID L WHITE ET AL | NO APPEARANCES |
| | VS | |
| | YOUR BABY CAN LLC ET AL | Defendant Counsel |
| | NON-COMPLEX (12-07-10) | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
12-07-10 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 12-07-10

John A. Clarke, Executive Officer/Clerk

By:    KIN HILAIRE
         K. HILAIRE

FARUQI & FARUQI, LLP
Vahn Alexander, Esq.
1901 Avenue of the Stars, 2nd Floor
Los Angeles, California  90067

Page   2 of  2   DEPT. 324

MINUTES ENTERED
12/07/10
COUNTY CLERK



EXHIBIT A
PAGE 42

# *EXHIBIT B*

EXHIBIT _A_

PAGE _43_

NOTICE SENT TO:

Alexander, Vahn
Faruqi & Faruqi, LLP
1901 Avenue of the Stars, Second Floor
Los Angeles          CA   90067

FILE STAMP **ORIGINAL FILED**

DEC 08 2010

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| DAVID L WHITE ET AL | Plaintiff(s), | BC449863 |
| VS. | | |
| YOUR BABY CAN LLC ET AL | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for February 18, 2011 at 8:30 am in Dept. 62 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**   **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: December 8, 2010                                          **MICHAEL L. STERN**
                                                                    Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date: December 8, 2010

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)                                    Cal. Rules of Court, rule 3.720-3.730
LASC Approved 10-03                                       LASC Local Rules, Chapter Seven

**EXHIBIT A**
**PAGE 44**

# *EXHIBIT C*

EXHIBIT A
PAGE 45

NOTICE SENT TO:

Alexander, Vahn
Faruqi & Faruqi, LLP
1901 Avenue of the Stars, Second Floor
Los Angeles        CA   90067

ORIGINAL FILED

DEC 08 2010

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| DAVID L WHITE ET AL | Plaintiff(s), | BC449863 |
| VS. | | |
| YOUR BABY CAN LLC ET AL | Defendant(s). | ORDER TO SHOW CAUSE HEARING |

To the party/attorney of record:_

You are ordered to appear for an Order to Show Cause Hearing on <u>January 27, 2011</u> at <u>8:30 am</u> in <u>Dept. 62</u> of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

Failure to file Proof of Service of [ ] Petition [ ] Summons and [ ] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to: <u>YOUR BABY CAN LLC, ROBERT TITZER</u>

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[√] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [ ] Clerk's Office, Room _102_ at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: _December 8, 2010_

**MICHAEL L. STERN**
Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: _December 8, 2010_

John A. Clarke, EXECUTIVE OFFICER/CLERK

By _____, Deputy Clerk

ORDER TO SHOW CAUSE HEARING

LACIV 166-I (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

EXHIBIT A
PAGE 46

COPY

1    MANATT, PHELPS & PHILLIPS, LLP
     BRAD W. SEILING (Bar No. CA 143515)
2    CHAD S. HUMMEL (Bar No. CA 139055)
     ERIN C. WITKOW (Bar No. CA 216994)
3    11355 West Olympic Boulevard
     Los Angeles, CA 90064-1614
4    Telephone: (310) 312-4000
     Facsimile: (310) 312-4224
5
     Attorneys for Defendant
6    Your Baby Can LLC

7

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 23 2010

John A. Clarke, Executive Officer/Clerk
BY: Caesar Rios, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11   DAVID L. WHITE and LISA WALCO, on        Case No. BC449863
     behalf of themselves and all persons
12   similarly situated,                       OBJECTION TO NON-COMPLEX
                                               DESIGNATION
13              Plaintiffs,
                                               Dept:       324
14        vs.                                  Judge:      Emile H. Elias
                                               Date Filed: November 18, 2010
15   YOUR BABY CAN LLC; ROBERT
     TITZER, PhD, ,                            Trial Date: None Set
16
                Defendants.
17

18

19        Defendant Your Baby Can LLC ("YBC") objects to the order designating this case non-

20   complex. For the reasons set forth below, this case meets the criteria for a complex designation

21   set for in Rule 3-400 of the California Rules of Court and should be assigned to the complex court

22   for all purposes. This case will involve numerous pretrial motions raising difficult and novel

23   legal issues, will require management of numerous witnesses, including experts, and a substantial

24   amount of documentary evidence, and will require coordination with other actions involving

25   similar claims. Rule of Court 3-400(b)(1), (2), (4).[1]

26        This putative class action lawsuit challenges the advertising claims related to the efficacy

27   of the Your Baby Can Read! Early Language Development System ("YBCR"). While this is not

28   ─────────────────────────────────
     [1] YBC was served by mail with notice of the non-complex designation on December 10, 2010.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

              OBJECTION TO NON-COMPLEX DESIGNATION          EXHIBIT A
                                                            PAGE 47

1    the time to litigate the merits of Plaintiffs' claims, YBC provides this basic background

2    information to explain why this case meets the criteria for complex designation.

3        YBCR is an award-winning and innovative multi-sensory teaching method designed to

4    enhance the development of verbal and cognitive skills in young children.  YBCR consists of

5    several elements.  The Program utilizes a multi-sensory approach, using visual images, written

6    images, songs, sounds, and parental interaction to enhance children's early learning.  Just as with

7    reading aloud, the intent of YBCR is to build the baby's language and early reading skills, while

8    also engaging in parental interaction.  YBCR exposes babies to written words and helps them

9    understand that print has different functions.

10       YBCR has been marketed since approximately 1997.  Over that period, the advertising

11   and promotion of the product has evolved.  YBCR's efficacy claims are based on scientific

12   studies.  YBCR is advertised and promoted online, in television ads and infomercials and is sold

13   online, through direct sales and in major retail outlets.  YBC bases its advertising claims on

14   scientific studies and evidence, including studies in the field of child development.  YBC will not

15   summarize all of the results of these studies in this objection.  It is YBC's position that these

16   studies support all of the claims in the advertising for YBCR.  YBC provides this information

17   merely to advise the Court that this case likely will involve a "battle of experts" concerning the

18   efficacy claims for YBCR.

19       YBCR's advertising also includes testimonials from satisfied customers.  YBC has

20   received considerable positive feedback from parents who credit YBCR with helping their

21   children learn to read.  Parents have submitted home videos, test reports showing that their babies

22   can read, and written correspondence describing their success.

23       The complaint in this case alleges that the advertising for YBCR relies on false and

24   misleading claims regarding the product's efficacy and the findings of expert studies from the

25   early childhood development community.  The complaint quotes liberally from opinions of

26   purported "experts" who dispute YBCR's advertising claims or who dispute the notion that

27   children can be taught to read at such early ages.  The complaint asserts claims for violation of the

28   Unfair Competition Law, Bus. & Prof. Code §17200 *et seq.*, violation of the Consumer Legal


EXHIBIT A
PAGE 48

1   Remedies Act, Civ. Code §1750, *et seq.*, breach of contract and unjust enrichment. Plaintiffs seek

2   to represent a putative class of all purchasers of YBCR within the four-year period preceding the

3   filing of the complaint.

4        This is not a typical putative class action involving a single allegedly false claim

5   concerning the efficacy of a product. The advertising of YBCR is nuanced and involves multiple

6   claims regarding the product in advertising that has changed substantially over many years. A

7   central issue in this is the definition of "reading" itself. The definition of reading is complex and

8   is likely to be subject to expert debate in this case.

9        This case meets the criteria for complex designation for at least three reasons.

10       First, the case will involve numerous pretrial motions raising difficult and novel issues.

11   Questions involving class certification and the merits of Plaintiffs' claims necessarily will involve

12   substantial amounts of expert testimony and opinions concerning the efficacy of YBCR. In

13   addition, it is likely that one or both sides will rely on consumer survey evidence to support and

14   oppose the motion for class certification and challenges to the merits of Plaintiffs' claims. The

15   assigned judge will have to resolve complex and novel evidentiary issues concerning the

16   admissibility of such evidence.

17       Second, the case will involve large number of witnesses and a substantial amount of

18   documentary evidence. The challenged claims are based on numerous scientific and consumer

19   studies, and Plaintiffs appear to base their challenge on purported "expert" opinions and studies.

20   In addition to those experts who provided pre-litigation opinions, both sides certainly will rely on

21   retained experts to support their positions in the litigation.

22       In addition to the underlying surveys and studies, the volume of documentary evidence

23   related to the advertising and promotions themselves is extensive. As discussed above, YBCR

24   has been marketed and promoted since at least 1997, and the advertising has evolved and changed

25   over that period., Advertisements have appeared online, on television, in infomercials and in

26   publications.

27       Finally, this case will also require the assigned court to coordinate with other pending

28   actions. Rule 3-400(b)(4). There is another putative class action that has been filed in Los

3

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT A
PAGE 49

1   Angeles County Superior against YBC, but has not yet been served – *Tonia Johnson, your Baby*

2   *Can LLC, et al.*, Case No. BC450907 (the *Johnson* Action).  A copy of the *Johnson* Action is

3   attached as Exhibit A.  The plaintiff in that case, a Tennessee resident, also alleges that the

4   advertising for YBCR relies on false and misleading claims regarding the product's efficacy and

5   the findings of expert studies from the early childhood development community.  The *Johnson*

6   Action may be subject to removal (as may this case).  At a minimum, the assigned court will be

7   required to coordinate two putative class action claims, either in the same forum or in different

8   forums.

9        In addition, a competitor of YBC has filed an administrative challenge to the YBCR

10  advertising with the National Advertising Division of the Better Business Bureau.

11       For these reasons, YBC objects to the non-complex designation and requests that the

12  Court designate this case as complex and assign it to one of the judges designated to hear

13  complex cases.

14

15  Dated:    December 23, 2010          MANATT, PHELPS & PHILLIPS, LLP
                                         Brad W. Seiling
16                                       Chad S. Hummel
                                         Erin C. Witkow
17

18                                       By: *Brad Suli*
19                                            Brad W. Seiling
                                              *Attorneys for Defendant*
20                                            YOUR BABY CAN LLC

21

22
    300192543.1
23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

                                    4
                    OBJECTION TO NON-COMPLEX DESIGNATION

EXHIBIT *A*
PAGE *50*