UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. WHITE and LISA WALCO on Behalf of Themselves and All Other Persons Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>YOUR BABY CAN, LLC and ROBERT TITZER, Ph.D.,<br><br>　　　　Defendants. | No. 10-cv-09989-DSF-FFM<br><br>[DISCOVERY MATTER]<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER GOVERNING THE PRODUCTION AND HANDLING OF CONFIDENTIAL AND TRADE SECRET MATERIAL**<br><br>**NOTE CHANGES MADE BY COURT** |

Plaintiffs David L. White and Lisa Walco, on one hand, and Defendants Your Baby Can, LLC and Robert Titzer Ph.D., on the other hand, have submitted a Stipulation Re: [Proposed] Protective Order Governing the Production and Handling of Confidential and Trade Secret Material ("Stipulation"). Pursuant to the Stipulation, the parties believe that entry of an order for the protection of confidential or trade secret information that may be produced or otherwise disclosed by them or third parties during the course of this action will facilitate production and receipt of information during discovery in this action.

Accordingly, the Court, having considered the Stipulation and good cause appearing therefore, it is hereby ORDERED as follows:

1. Any confidential information produced by or on behalf of any Party or non-party as part of discovery in this action may be designated by such party as "Confidential" or "Highly Confidential—Attorneys' Eyes Only." The party producing the information designated as confidential is referred to herein as the Designating Party.

(a) A document may be designated "Confidential" when it contains private or business information that would be protected under the constitutional, statutory, or common law rights to privacy, or when it contains trade secret information entitled to protection under Fed. R. Civ. 26(c), including but not limited to, confidential business information such as marketing plans or strategies, business plans, strategic plans, license agreements or negotiations, engineering and manufacturing drawings, market research, research and development relating to products not yet released or sold, correspondence and agreements with actual or prospective customers or vendors, financial information or projections, including without limitation, invoices, sales, licensing payments, licensing statements, budgets, statements of revenue, profits, costs or liabilities, actual or prospective customer lists, or other information or documents that would put the producing person at a competitive disadvantage if the information became known to the

receiving party or a third party.

(b) A document may be designated "Highly Confidential—Attorneys' Eyes Only" when it both contains extremely sensitive Confidential information such that its disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means and relates to one or more of the following:

(a) Individuals' family, financial, medical, or personnel records;

(b) Current or prospective business plans or market analyses;

(c) Confidential proprietary or trade secret information in the possession of the Designating Party;

(d) Internal strategy, marketing, rate or proprietary planning processes;

(e) Non-public information relating to clients or customers of the Designating Party;

(f) Non-public information relating to any ongoing government investigation or action; or

(g) Material or information as to which the Producing Party has an independent obligation of confidentiality to any entity other than defendants in these Actions.

(c) Information that is publicly available may not be designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

2. Information designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" may be used only in connection with this Action, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Order.

3. Any Party or non-party wishing to come within the provisions of this Order may designate as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" the documents (as defined in Federal Rule of Civil Procedure 34 and Federal

Rule of Evidence 1001) or portions thereof which it considers confidential at the time the documents are produced.

4. The designation of material as confidential pursuant to this Order shall mean that the producing party has a reasonable good faith belief that the material constitutes confidential information as defined in this Order. Blanket designation of documents or information as confidential en masse or without regard to the specific contents of each document or piece of information is strictly prohibited.

5. Each page of the document must be marked "Confidential" or "Highly Confidential—Attorneys' Eyes Only," as appropriate, by the producing party. Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. In the case of confidential information disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc), the appropriate designation shall be affixed on the outside of the medium or its container so as to clearly give notice of the designation. Documents or things which cannot be reasonably labeled pursuant to this paragraph shall be so designated by the producing party by informing the receiving Party in writing. In the instance of deposition testimony, the witness under deposition or his or her counsel shall have the right, within thirty days of receiving a transcript of the deposition, to designate or change the level of restriction of the transcript or portions thereof.

6. Any documents or discovery responses labeled as "Confidential," as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, and any deposition testimony or portion thereof marked as "Confidential," may be made available only to:

    (a) the Parties (including their officers, directors, employees and in-house attorneys) and their attorneys of record in this Action (including such attorneys' employees, copy services and document management services);

    (b) judges, magistrate judges, law clerks, and other clerical

personnel of the Court before which this Action is pending;

   (c) experts or consultants (and their staff) to any Party;

   (d) a witness at any deposition or trial in this Action (including persons whom counsel in good faith believe will testify at a deposition or at trial) and counsel for such witness;

   (e) court reporters and their staff who are required to transcribe testimony;

   (f) mediators, settlement judges and clerical personnel of such neutrals;

   (g) counsel for issuers of insurance policies under which any issuer may liable to satisfy part or all of any judgment that may be entered in this Action;

   (h) the jury, if any, in the trial of this Action; and

   (i) any other person upon order of the Court or upon prior written consent of the Designating Party.

  7. Any documents or discovery responses labeled as "Highly Confidential—Attorneys' Eyes Only," as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, and any deposition testimony or portion thereof marked as "Highly Confidential—Attorneys' Eyes Only," may be made available only to:

   (a) Attorneys of record for the Parties (including such attorneys' employees, copy services and document management services);

   (b) judges, magistrate judges, law clerks, and other clerical personnel of the Court before which this Action is pending;

   (c) experts or consultants (and their staff) to any Party;

   (d) a witness at any deposition or trial in this Action if such witness authored the document or if, at the time of such testimony the witness is employed by the Party or non-party that designated the document as "Highly Confidential—Attorneys' Eyes Only," and counsel for such witness;

4

1          (e)    court reporters and their staff who are required to transcribe testimony;

         (f)    mediators, settlement judges and clerical personnel of such neutrals; and

         (g)    the jury, if any, in the trial of this Action; and

         (h)    any other person upon order of the Court or upon prior written consent of the Designating Party.

8.    The documents described in Paragraphs 6 and 7 above are referred to collectively as "Designated Materials."  Each person permitted by the Parties or their counsel to have access to Designated Materials under the terms of this Order (other than the persons identified in Paragraphs 6(a), 6(b), 6(h), 7(a), 7(b) and 7(g)) shall, prior to being given such access, be provided with a copy of this Order for review and shall sign an Undertaking of Confidentiality in the form of Exhibit A hereto, indicating that he or she has read the Order and agrees to comply with its terms. Counsel disclosing Designated Materials to such persons shall retain the original signed Undertaking of Confidentiality.

9.    The restrictions set forth in this Order shall not apply to information which is known to the receiving Party or the public before the date of its transmission to the receiving Party, or which becomes known to the public after the date of its transmission to the receiving Party, provided that such information does not become publicly known by any act or omission of the receiving Party, its employees, or its agents which would be in violation of this Order.

10.   In the event that counsel for any Party desires to file with the Court any document which includes any Designated Materials, such document shall be ~~filed~~ **submitted for filing (FFM)** separately in a sealed envelope pursuant to Central District of California Local Rule 79-5.1, upon which shall prominently appear a statement substantially similar to the following:

5

> This envelope contains documents subject to a Stipulated Protective Order concerning the use of confidential discovery material entered by the Court in this action. This envelope shall not be opened, nor shall the contents be displayed or revealed except by order of the Court. Violation hereof may be regarded as a contempt of court.

This Section shall not apply to the Parties' submission of exhibits for trial, nor the handling of exhibits during trial.

11. If, at any time during this Action, any Party believes that any other Party or nonparty has improperly designated information as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," or believes that it is necessary to disclose designated information to persons other than those permitted by this Order, and the producing party does not agree to change the designation or to allow the disclosure, the objecting Party may make a motion to the Court requesting that the specifically identified documents, information and/or deposition testimony be de-designated as Confidential or Highly Confidential—Attorneys' Eyes Only and/or be available to specified other persons. It shall be the burden of the Designating Party to demonstrate that the material or information at issue was properly designated as Confidential or Highly Confidential—Attorneys' Eyes Only under the terms of this Order and entitled to protection under applicable law. The party prevailing on a motion brought pursuant to this Paragraph shall be awarded its reasonable attorneys' fees incurred in connection with such motion, unless the non-prevailing party acted with substantial justification. **Any such motion must comply with Local Rule 37. (FFM)**

12. In the event that any Party is served with a subpoena or other demand by any person, firm, corporation, or other entity who is not a party to this action, is not a signatory to this Order, or is otherwise not bound by this Order, which seeks to compel production of any Designated Materials, the party upon whom the subpoena or demand is served shall give written notice of the subpoena or demand to the party who has asserted that the information or documents requested are "Confidential" or "Highly Confidential—Attorneys' Eyes Only." The written notice required by this

paragraph shall be given no later than three court days after receipt of the subpoena or other demand, or seven court days before the production date set forth in the subpoena or other demand, whichever is earlier. The party who designated the subject information or documents as "Confidential" or "Highly Confidential— Attorneys' Eyes Only" shall have the responsibility to obtain an order from the Court quashing the subpoena, granting a protective order, and/or granting such other relief as will protect the alleged confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the party upon whom the subpoena, or other demand is served shall not produce the subject information or documents until after such time as the Court rules on the objecting party's motion. If an order quashing the subpoena or other protective order is obtained, the party upon who the subpoena, discovery request, or order is served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena or other demand, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the subpoena or other demand is served may comply with the same without being deemed to have violated this Order.

13. This Order shall not apply to any document or information obtained by a discovering party which:

    (a) was already a matter of public record or knowledge before its receipt through discovery;

    (b) became a matter of public record or knowledge after its production in discovery; or

    (c) was previously produced without a confidentiality restriction,

14. This Order may only be modified in a writing signed by the Parties and approved by an order of the Court.

15. The inadvertent or unintentional production of documents, materials, testimony or information containing, or other disclosure of, private, confidential,

proprietary, or trade secret information that is not designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or production shall be corrected as soon as reasonably possible after the designating Party becomes aware of the error. The production of documents or other tangible things pursuant to a request for production by a Party hereto shall not be deemed a waiver of any right by the producing Party to object to the admissibility of such document or other thing on grounds of relevancy, materiality, privilege, or any other ground.

16. Within sixty days of termination of this Action, unless the attorneys of record otherwise agree in writing, each Party shall:

(a) assemble and return all Designated Materials, including copies, to the person(s) and entity(ies) from whom the material was obtained, or

(b) destroy all Designated Materials and provide the other Party with written certification that such destruction was made.

17. Notwithstanding the preceding paragraph, the attorney of record for any Party may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order.

18. This Order shall not affect the right of any Party to object to the production of any document or other information or to demand more stringent restrictions upon the treatment and disclosure of any document or other information, on the ground that such document or information contains particularly sensitive information, or otherwise.

19. This Order shall not prejudice the right of any Party or non-party to

oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

20. Nothing herein shall be deemed either a waiver of any objection that any Party may have to the production of any document or information, nor an admission of the relevancy of any document or information requested.

21. All provisions of this Order restricting the use, disclosure or communication of any Designated Materials shall continue to be binding on Parties, and their successors, assigns, heirs, and attorneys, after the conclusion of this Action.

22. This Order shall survive the final termination of this Action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of any information disclosed hereunder.

IT IS SO ORDERED.

Dated: July 11, 2011        /S/ FREDERICK F. MUMM
                            UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:

MANATT, PHELPS & PHILLIPS LLP


By: /s/ Erin C. Witkow
    Erin C. Witkow
    Attorneys for Defendant
    YOUR BABY CAN, LLC

# EXHIBIT A
# UNDERTAKING OF CONFIDENTIALITY

1. I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" within the terms of the Protective Order entered in the U.S. District Court, Central District of California, case entitled *David L. White, et al. v. Your Baby Can, LLC, et al.*, Case No. 10-cv-09989-DSF-FFM.

2. I have read the aforementioned Protective Order, and agree to be bound by it.

3. I declare the foregoing is true under penalty of perjury under the laws of the United States of America.

Dated:_____

Name:_____

300263853.1